TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00229-CV







In re All Saints Health System, et al.






ORIGINAL PROCEEDING FROM TRAVIS COUNTY



 


O R D E R


PER CURIAM

 On April 16, 2002, relators All Saints Health System, et al. filed a petition for writ
of mandamus. Relators are a group of hospitals that intervened in the underlying lawsuit for
declaratory judgment, trial court number GN-001259, styled Continental Casualty Co., et al. v. The
Texas Workers' Compensation Commission. Continental Casualty Company and other insurance
companies commenced the underlying lawsuit seeking a declaratory judgment regarding
Commission rules providing for hospital reimbursement and specifically the rule specifying the time
period for filing hospital reimbursement claims. See 28 Tex. Admin. Code § 133.305(a) (hereinafter
referred to as "the one year rule"). Trial is set for April 19, 2002. 

 On February 22, 2002, the relators, the intervenor hospitals, amended their petition
in intervention and for the first time requested affirmative relief in the form of a declaratory
judgment, injunctive relief, and a writ of mandamus. The insurance companies moved to sever the
intervenors' requests for affirmative relief into a separate cause number and the district court held
a hearing on April 3, 2002. 

 By letter ruling of April 9, 2002, the district court granted the insurance companies'
motion to sever and thus severed the intervenors' declaratory judgment action and requests for
affirmative relief from the insurance companies' declaratory judgment action regarding the one year
rule. 

 The relators, the intervenor hospitals, bring this mandamus challenging the district
court's ruling severing their declaratory judgment action from the insurance companies' declaratory
judgment action. The relators also seek emergency relief staying all trial court proceedings, in
particular the trial to the court set for April 19, 2002.

 Although the district court's letter ruling has not been reduced to a written order, this
Court concludes from the record before us that the intervenors will be permitted to participate in the
underlying declaratory judgment action commenced by the insurance companies and scheduled for
trial on April 19, 2002. With that understanding, this Court denies the motion to stay all trial court
proceedings. 

 Regarding the petition for writ of mandamus, the real parties in interest are requested
to respond to the relators' petition for writ of mandamus and file responses in this Court by May 6,
2002. Further, this Court requests that the parties submit by that date the signed written order of
severance for this Court's review. 

 It is ordered April 17, 2002.


Before Justices Kidd, Patterson and Puryear

Do Not Publish